IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: AIR CRASH INTO THE JAVA SEA ON JANUARY 9, 2021<br><br>This Document Relates To:<br><br>ALL CASES | MDL No. 1:23-md-3072 |

**[PROPOSED] ORDER**

Defendant The Boeing Company has moved to dismiss the 21 actions that are part of MDL No. 1:23-md-3072 under the doctrine of *forum non conveniens*. After reviewing the motion and all related briefing materials and supporting evidence, the motion to dismiss is GRANTED.

In *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981), the United States Supreme Court held that district courts have discretion to grant motions to dismiss for *forum non conveniens* when a foreign forum is available and adequate, and when the private and public interest convenience factors favor the alternative forum. *Piper*, and the many cases applying it, show that dismissal is warranted here. The record demonstrates that:

1. The decedents and their survivors are Indonesian citizens. *See Piper*, 454 U.S. at 255–56. Therefore, the plaintiffs' selection of forum is entitled to "little deference." *Jiali Tang v. Synutra Int'l, Inc.*, 656 F.3d 242, 252–53 (4th Cir. 2011).

2. With respect to an Indonesian forum for these cases, the record demonstrates that "(1) all parties can come within that forum's jurisdiction" and "(2) the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *Id.* at 249 (citation omitted). Further, Boeing has agreed not to contest service of process in Indonesia and to consent to the jurisdiction of an Indonesian forum as

a condition of dismissal. There are no statute of limitations concerns. Therefore, Indonesia is an available alternative forum.

    3.    The record shows that Indonesia offers plaintiffs a remedy and that the plaintiffs will be treated fairly there. *See Piper*, 454 U.S. at 254–55. Therefore, Indonesia is an adequate alternative forum.

    4.    The private interest factors support dismissal in favor of an Indonesian forum. *See Piper*, 454 U.S. at 241 n.6. These lawsuits have overwhelming contacts with the foreign forum: the flight was a domestic Indonesian flight, operated by an Indonesian airline; the decedents were Indonesian citizens; the aircraft had been registered and maintained in Indonesia for almost a decade; the pilots were trained in Indonesia pursuant to Indonesian aviation regulations; and the accident was investigated by Indonesian authorities, who identified piloting and maintenance issues as contributing factors. Key witnesses, parties, and evidence are only available in Indonesia. I therefore find:

    a.    Sriwijaya Air can be named as a defendant or impleaded as a third-party defendant if these cases are refiled in Indonesia, but not in the current litigation in the United States;

    b.    An Indonesian forum would provide easier and more convenient access to key sources of proof than Virginia or Illinois courts, especially in light of Boeing's stipulation that it will make available in any actions refiled by these plaintiffs in the courts of Indonesia any documents, witnesses, and other evidence in Boeing's possession, custody, or control that the Indonesian courts deem relevant;

    c.    An Indonesian court can compel unwilling Indonesian witnesses to attend trial in these matters, while a U.S. court cannot;

    d.      It will cost more to obtain the attendance of willing witnesses if the cases proceed in Virginia or Illinois than if they proceed in Indonesia;

    e.      It would therefore be fundamentally inconvenient, unfair, and burdensome for Boeing to have to defend these cases in the United States.

5.      The public interest factors also support dismissal in favor of an Indonesian forum. *See Piper*, 454 U.S. at 241 n.6. As explained above, Indonesia's interest in these lawsuits is primary: the accident involved a domestic Indonesian flight, with Indonesian passengers and crew, and an Indonesian-regulated airline. I therefore find:

    a.      Indonesia has a stronger local interest than Virginia or Illinois in deciding these cases;

    b.      Dismissal allows the "forum that is at home with the law" to try the case and avoids the need for a U.S. court to "untangle problems in conflict of laws, and in law foreign to itself." *Piper*, 454 U.S. at 251 (citation and internal quotation marks omitted). If the cases remain in this Court, this Court would need to determine whether Virginia's or federal admiralty law's choice-of-law rules apply and conduct a choice-of-law analysis. Further, to the extent Indonesian law applies, Indonesian courts are best suited to interpret that law;

    c.      The burden of jury duty for Virginia or Illinois citizens weighs in favor of dismissal considering the strong connections between these claims and Indonesia; and

    d.      Court congestion concerns favor dismissal in favor of an Indonesian forum for the cases transferred from the Northern District of Illinois and are neutral as to the cases originally removed to the Eastern District of Virginia.

4

Based on this record, I conclude that the relevant public and private interest factors, when weighed against the plaintiffs' choice of forum, strongly favor proceeding in Indonesia. Therefore, upon consideration of Defendant The Boeing Company's Motion to Dismiss for *Forum Non Conveniens*, it is hereby ordered that Boeing's Motion to Dismiss is GRANTED.

Executed this __ day of _____, 2023
Alexandria, Virginia

                                     Claude M. Hilton
                                     United States District Judge