IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

IN RE:  AIR CRASH INTO THE JAVA SEA
ON JANUARY 9, 2021                                    MDL No. 1:23-md-03072-CMH-WEF
_____

This Document Relates to:

Jonathan Kastenbaum, Administrator of the Estate of Andi Syifa Kamila, deceased,
E.D. Va. Case No. 1: 23-00044;

Jonathan Kastenbaum, Administrator of the Estate of Kolisun, deceased
E.D. Va. Case No. 1: 23-00045;

Jonathan Kastenbaum, Administrator of the Estate of A.N.W., a minor, deceased
E.D. Va. Case No. 1: 23-00046;

Jonathan Kastenbaum, Administrator of the Estate of Supianto, deceased
E.D. Va. Case No. 1: 23-00047;

Jonathan Kastenbaum, Administrator of the Estate of Didik Gunardi, deceased
E.D. Va. Case No. 1: 23-00048;

Jonathan Kastenbaum, Administrator of the Estate of Yulian Andika, deceased
E.D. Va. Case No. 1: 23-00049;

Jonathan Kastenbaum, Administrator of the Estate of Rizki Wahyudi, deceased
E.D. Virginia, No. 1: 23-00050;

Jonathan Kastenbaum, Administrator of the Estate of Makrufatul Yeti Srianingsih, deceased,
E.D. Va. Case No. 1: 23-00051;

Jonathan Kastenbaum, Administrator of the Estate of N.A, a minor, deceased
E.D. Va., Case No. 1: 23-00052;

Jonathan Kastenbaum, Administrator of the Estate of Khasanah, deceased
E.D. Va. Case No. 1: 23-00053; and

Jonathan Kastenbaum, Administrator of the Estate of A.D, a minor, deceased
E.D. Va. Case No. 1: 23-00054
_____/

1

## THE KASTENBAUM PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR *FORUM NON CONVENIENS*

The above-captioned Plaintiffs, all estates of victims of the subject aviation disaster for which the Administrator is Jonathan Kastenbaum, hereby submit this Response in Opposition to the Boeing Company's ("Boeing") Motion to Dismiss for *forum non conveniens* ("Boeing's Motion"). *See* D.E. 11, 12, 13, 14, 15 (Motion and associated documents).

## INTRODUCTION

This is the Kastenbaum Plaintiffs' preliminary response to Boeing's Motion, for the simple reason that there has not been a reasonable opportunity for discovery on the issues raised in Boeing's Motion. As outlined in Boeing's Consent Motion for Briefing Schedule, the parties "agree[d] to meet and confer on discovery related to Boeing's forthcoming motion [for *forum non conveniens*.]" D.E. 10 at 2. Consistent with that Consent Motion and with parties' colloquy with this Court at the June 14, 2023 hearing, the Kastenbaum Plaintiffs request an opportunity to conduct such discovery. The Kastenbaum Plaintiffs intend to confer with Boeing about the logistics of such discovery and endeavor to arrive at a jointly agreeable briefing schedule, as appropriate. Pending that conference, the Kastenbaum Plaintiffs respectfully move this Court for leave to supplement this preliminary response after they have had an opportunity for targeted *forum non conveniens* discovery. In an abundance of caution, the Kastenbaum Plaintiffs are filing this preliminary response to briefly raise three general points.

## ARGUMENT

First, discovery is plainly warranted here. The *forum non conveniens* factors—particularly as Boeing deploys them—necessarily implicate a variety of factual and legal issues that merit scrutiny. As the U.S. Supreme Court has observed, weighing the *forum non conveniens* factors requires a court to "scrutinize the substance of the dispute between the parties to evaluate what

proof is required and [to] determine whether the pieces of evidence cited by the parties are critical, or even relevant[.]" *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528 (1988). And "[t]his rather daunting task is hardly one to be undertaken without adequate information. Therefore, it behooves courts to permit discovery on facts relevant to forum non conveniens motions.'" *In re Bridgestone/Firestone, Inc. ATX, ATX II & Wilderness Tires Prod. Liab. Litig.*, 131 F. Supp. 2d 1027, 1029–30 (S.D. Ind. 2001).

Here, Boeing's Motion purports to be supported by factual assertions that require scrutiny and targeted discovery. For instance, Boeing retained a purported Indonesian law expert, Tony Budidjaja, to submit a declaration offering what are essentially expert opinions and characterizations concerning Indonesian law. The Kastenbaum Plaintiffs should be permitted to depose Mr. Budidjaja regarding his "expert" opinions, his assertions, and his background, particularly given that Boeing is relying on his declaration to secure the complete *dismissal* of the Plaintiffs' cases.

To give just one other example, Boeing's assertion that "[k]ey documentary evidence related to liability is . . . available only in Indonesia" also merits scrutiny. *See* Mot. at 20. To support this assertion, Boeing submitted the declaration of Robert McIntosh, a Boeing official who manages the company's Air Safety Investigation group. Significantly, both Boeing and Mr. McIntosh have conceded, as they must, that Boeing *participated directly* in the Indonesian government's investigation of the subject accident and that Boeing has in its possession the lion's share, if not the vast majority, of the documents that according to Boeing are relevant to the issues in this litigation. Because the location of evidence is a critical and necessary component of Boeing's request for *forum non conveniens*, the Kastenbaum Plaintiffs should be allowed to

3

conduct discovery to inquire what specific relevant documents exist, where they are located, whether they are in Boeing's possession, or whether they are only available in Indonesia.

<u>Second</u>, Boeing argued that this Court should address its *forum non conveniens* motion before the Kastenbaum Plaintiffs' remand motions. Mot. at 10. Respectfully, this position is nonsensical and contravenes judicial economy, as the Kastenbaum Plaintiffs' remand motions have been pending and fully briefed for *months*. Indeed, the Court recognizes that the remand motions are fully ripe and ruled that they would be heard first, in early August, at which time the Court would also set a later date for argument on the *forum non conveniens* motion. *See* June 14 Hrg. Tr. at 23:2-8 (attached as Exhibit A). *See also id.* at 23:2-3 (the Court agreeing with Mr. Wisner that it "make[s] sense" to "argue the motion to remand and then argue whether our [*forum non conveniens*] discovery is proper").

The schedule outlined by the Court on June 14 made sense then and continues to make sense now. There is no sound reason to delay adjudication of the Kastenbaum Plaintiffs' fully ripe remand motions, which require no discovery to adjudicate, and which concern the threshold issue of the federal courts' jurisdiction over these eleven cases.

Moreover, Boeing's reliance on *Sinochem* is inapposite. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007). That case concerned a "textbook case for immediate *forum non conveniens* dismissal" because the subject matter of the case was subject to "proceedings long launched in China" and concerned "misrepresentations to [a Chinese court] in the course of securing the arrest of [a] vessel in China." *Id.* at 435-36. *Sinochem* concerned a case filed in the U.S. *after* the same party had *already* been participating for years in a Chinese proceeding, and it concerned alleged conduct that *all* took place in China and indeed was directed toward a Chinese court. Here, whatever the merits of Boeing's arguments for *forum non conveniens*

dismissal, the Kastenbaum Plaintiffs' cases look nothing like *Sinochem*. The Kastenbaum Plaintiffs have not been participating for years in Indonesian litigation, and the Kastenbaum Plaintiffs are not seeking compensation from Boeing for misconduct in Indonesia. Therefore, unlike the litigation in *Sinochem*, the Kastenbaum Plaintiffs' lawsuits against Boeing are not a "textbook case" for "immediate" dismissal.

Third, although Boeing's merits arguments necessarily raise factual assertions that require discovery, it bears noting that Boeing's *forum non conveniens* motion is of dubious merit. *Forum non conveniens* is an "exceptional tool to be employed sparingly." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011). Dismissal for *forum non conveniens* is appropriate only if the defendant meets the "heavy burden [of] show[ing] that a foreign forum is significantly more convenient than a U.S. forum." *Shi v. New Mighty U.S. Trust*, 918 F.3d 944, 953 (D.C. Cir 2019) (international quotation marks omitted). "The mere fact that a case involves conduct or plaintiffs from overseas is not enough for dismissal." *Carijano*, 643 F.3d 1224. These considerations are *particularly* true where, as here, the defendant has been sued in its home forum. As this Court is aware, the Kastenbaum Plaintiffs sued Boeing in Virginia, where Boeing is based. *See Reid-Walen v. Hansen*, 933 F.2d 1390, 1395 (8th Cir. 1991) ("In this unusual situation, where the forum resident seeks dismissal, this fact should weigh strongly against dismissal.").

The Kastenbaum Plaintiffs' cases are products liability actions alleging design and manufacturing defects in the subject aircraft. Even Boeing's own Motion acknowledges that, based on the information currently available, the crash involved a "thrust imbalance in the airplane's left and right engines" and that "the cruise thrust split monitor" on the aircraft "did not disengage the autothrottle as early as it should have." Mot. at 6. Simply put, the design and manufacture of the aircraft's thrust systems are *the central issues* in the Kastenbaum Plaintiffs' claims. Accordingly,

Boeing's relevant acts and omissions are ones that took place in the United States: at the company's design meetings, at its U.S. factory floors, and in meetings and processes to draft pilot training manuals, to give just a few examples. Boeing's Motion is premised on the bare assertion that "key witnesses" and documents are located in Indonesia. But the "key witnesses" are Boeing design and manufacturing employees in the United States. And even the Indonesia-located documents to which Boeing's Motion refers are—by Boeing's own admission—largely *already* in Boeing's possession. For these reasons and others that will be better ripe for argument after an opportunity for discovery, this Court should deny Boeing's Motion to Dismiss for *forum non conveniens*.

## CONCLUSION

For the foregoing reasons, the Kastenbaum Plaintiffs respectfully submit that (1) *forum non conveniens* discovery is warranted given the issues raised in Boeing's Motion, (2) Boeing's Motion is unripe for adjudication because the parties must confer about *forum non conveniens* discovery as outlined in the Boeing's recent Consent Motion, (3) Boeing's request that this Court adjudicate its *forum non conveniens* Motion before it adjudicates the Kastenbaum Plaintiffs' remand motions is without merit and contrary to the sequence that this Court itself outlined at the June 14 hearing, and (4) Boeing's Motion to Dismiss for *forum non conveniens* is without merit.

    Respectfully submitted,

    s/ *Ashley T. Davis*
    Ashley T. Davis (VSB No. 68078)
    Allen Allen Allen & Allen
    1809 Staples Mill Road
    Richmond, VA 23230
    Phone/Fax: 804.257.7526
    Email: Ashley.Davis@AlleandAllen.com
    *Local Counsel for the Kastenbaum Plaintiffs*

    -and-

        Steven C. Marks, Esq., admitted *pro hac vice*
        FL Bar No. 516414
        Podhurst Orseck, P.A.
        1 S.E. Third Avenue, Suite 2300
        Miami, FL 33131
        Phone: (305) 358-2800
        Fax: (305) 358-2382
        Email: smarks@podhrust.com

        Pablo Rojas, admitted *pro hac vice*
        FL Bar No. 122427
        Podhurst Orseck, P.A.
        1 S.E. Third Avenue, Suite 2300
        Miami, FL 33131
        Phone: (305) 358-2800
        Fax: (305) 358-2382
        Email: projas@podhurst.com

        *Attorneys for Plaintiffs, Kastenbaum*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been filed via CM/ECF for electronic distribution to all counsel of record on this <u>10th</u> day of July, 2023.

        By<u>: /s/Ashley T. Davis</u>