IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: AIR CRASH INTO THE JAVA SEA ON JANUARY 9, 2021<br><br>This Document Relates To:<br><br>ALL CASES | MDL No. 1:23-md-3072 |

**REPLY BRIEF IN SUPPORT OF THE BOEING COMPANY'S
MOTION TO DISMISS FOR FORUM NON CONVENIENS**

**INTRODUCTION**

These cases present a textbook example of a lawsuit warranting *forum non conveniens* dismissal. The plaintiffs' claims arise out of the January 9, 2021, crash of Sriwijaya Air flight SJY182, a domestic Indonesian flight that involved an Indonesian airline, an Indonesian-registered aircraft, Indonesian decedents, and Indonesian accident investigators. As Boeing explained in detail in its motion to dismiss, key parties, witnesses, and evidence can *only* be accessed in Indonesia. And although Boeing's documents and witnesses are located in the United States, that fact does not weigh against dismissal in favor of Indonesia because Boeing will, as a condition of dismissal, make available in Indonesia any personnel and documents that are deemed relevant by the Indonesian court. Taking into account, as the Court must, the totality of the evidence needed for a fair adjudication of both plaintiffs' claims *and* Boeing's defenses, it is clear that Indonesia is the only available, adequate, and convenient forum. Proceeding in Virginia or Illinois would be fundamentally inconvenient and unfair.

The plaintiffs have not offered any meaningful reason to defer or deny Boeing's motion. The plaintiffs who originally sued Boeing in Virginia (the "Kastenbaum plaintiffs") filed a short

"preliminary response." The Kastenbaum Pltfs' Memo. in Opp'n to Def.'s Mot. to Dismiss for *Forum Non Conveniens*, Dkt. No. 26 ("Opp'n") at 1. Their response largely ignores Boeing's evidence and the dozens of federal cases Boeing cited in its motion—including the Supreme Court's decision in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981)—all of which confirm that dismissal in favor of Indonesia is appropriate here.[1]

Instead of addressing the merits, the Kastenbaum plaintiffs raise three ancillary arguments, including their purported need for discovery on the *forum non conveniens* issue. Even though Boeing believes discovery is not needed based on the facts and law, Boeing was open to considering targeted *forum non conveniens* discovery requests as part of a meet and confer process, so long as that discovery did not unduly delay consideration of Boeing's motion. But the Kastenbaum plaintiffs have proposed discovery that is anything but targeted and that goes well beyond the scope of permissible *forum non conveniens* discovery. The other plaintiffs have been unwilling to commit to the specific discovery they seek, despite Boeing's repeated requests that they do so. The plaintiffs' inability to agree even among themselves on reasonable discovery is not a reason to delay ruling—especially when, as here, discovery will not change the outcome. The clear facts and law presented in Boeing's motion cannot be meaningfully contested and weigh strongly in favor of dismissal.

Boeing files this short reply brief to address the Kastenbaum plaintiffs' three ancillary arguments. None of those arguments should, however, distract from the fact that these cases can

---

[1] The other plaintiffs in these cases, those who originally filed their actions in Illinois, filed no opposition to Boeing's motion to dismiss. They instead filed a motion to modify the briefing schedule and to authorize discovery on *forum non conveniens* and remand. *See* Dkt. No. 21. Their motion identified neither the discovery they seek on the *forum non conveniens* issue nor the briefing schedule that they wished to establish for Boeing's motion. *Id.* at 4. Boeing will respond separately to that motion.

be far more conveniently litigated in Indonesia—a conclusion that is compelled by the case law and that can be reached without further briefing or discovery.

## ARGUMENT

**A.     The Court should resolve the *forum non conveniens* issue without further discovery.**

The Kastenbaum plaintiffs argue that the Court should defer its ruling on Boeing's *forum non conveniens* motion until they have had a chance to conduct what they call "targeted discovery." Opp'n at 3. The Court should reject this argument for three reasons.

First, discovery is unnecessary here. "A district court normally relies solely on the pleadings and affidavits when deciding a forum-non-conveniens motion." *Kingstown Cap. Mgmt., L.P. v. Vitek*, No. 20-3406, 2022 WL 3970920, at *2 (2d Cir. Sept. 1, 2022) (citation and internal quotation marks omitted); *see also, e.g.*, *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (*forum non conveniens* motions "may be decided on the basis of affidavits"); *NLA Diagnostics LLC v. Theta Techs. Ltd.*, No. 3:12-CV-00087-GCM, 2012 WL 3202274, at *1 n.1 (W.D.N.C. Aug. 3, 2012) (same); *Marra v. Papandreou*, 33 F. Supp. 2d 17, 19 (D.D.C. 1999) (a *forum non conveniens* motion "does not require preliminary discovery"). That is because, as the Supreme Court has explained, "[r]equiring extensive investigation would defeat the purpose of [the] motion." *Piper*, 454 U.S. at 258.

Plaintiffs' reliance on *Van Cauwenberghe v. Biard*, 486 U.S. 517 (1988), to argue the opposite is misplaced. In *Van Cauwenberghe*, the Supreme Court expressly recognized that district courts have "substantial flexibility in evaluating a *forum non conveniens* motion," and further noted that "the district court's inquiry does not necessarily require extensive investigation, and may be resolved on affidavits presented by the parties." *Id.* at 529. Plaintiffs have made no compelling argument for discovery, and the failure of the Illinois plaintiffs to define the discovery they will pursue speaks for itself.

Here, more than enough evidence is before the Court to grant the *forum non conveniens* motion without further discovery. *Cf. Gschwind v. Cessna Aircraft Co.*, 161 F.3d 602, 610 (10th Cir. 1998) (a motion to dismiss for *forum non conveniens* can be granted unless the defendants fail to "support their allegations with *any* factual materials" (emphasis added)). Boeing submitted a declaration from Indonesian law expert Tony Budidjaja that explains why Indonesia is an available and adequate forum and that Sriwijaya Air cannot be compelled to produce evidence or witnesses here. *See* Dkt. No. 14. Boeing also provided a letter from Sriwijaya Air's counsel explaining that all of the airline's witnesses and documents are in Indonesia, and that it will not submit to jurisdiction in the United States or voluntarily produce witnesses or documents here. *See* Dkt. No. 13-4. Finally, Boeing has produced declarations and supporting evidence from Boeing's Director of Product Safety Robert McIntosh and from undersigned counsel Mack Shultz that detail the location of relevant witnesses and evidence. *See* Dkt. Nos. 13, 15. Plaintiffs had the opportunity to submit additional evidence in their oppositions, but have chosen not to do so.

The Kastenbaum plaintiffs argue that they should be permitted to depose Boeing's Indonesian law expert "regarding his expert opinions, his assertions, and his background," Opp'n at 3 (internal quotation marks omitted), but the case law makes clear that no deposition is necessary. Mr. Budidjaja's declaration focuses on the availability and adequacy of remedies under Indonesian law. The availability and adequacy of an alternative forum is a low bar to clear—especially when, as here, the defendant agrees to submit to the jurisdiction of the foreign forum as a condition of dismissal and the forum provides some remedy. *See Piper*, 454 U.S. at 242, 254 n.22 (only in "rare circumstances" is a foreign forum inadequate and unavailable). The Kastenbaum plaintiffs ignore the many federal court cases finding Indonesia available and adequate, including for claims stemming from aviation accidents, and the examples Boeing

provided of the litigation of aviation accident cases in Indonesian courts. *See, e.g.*, *Siswanto v. Airbus Americas, Inc.*, No. 15-CV-5486, 2016 WL 7178460 (N.D. Ill. Dec. 9, 2016); *In re Air Crash Disaster Over Makassar Strait, Sulawesi*, No. 09-CV-3805, 2011 WL 91037 (N.D. Ill. Jan. 11, 2011); *see also* Dkt. No. 12 at 15–16; Dkt. No. 14 at 24–25. These cases and examples are, by themselves, enough to validate Mr. Budidjaja's opinions.[2]

The Kastenbaum plaintiffs also argue that the Court should permit discovery into the extent of evidence in Boeing's possession in the United States. *See* Opp'n at 3. But that argument misses the point. Boeing has never suggested that it does not possess evidence in the United States. Rather, Boeing expressly acknowledged that it possesses some relevant evidence and specifically described the nature and location of that evidence. And Boeing agreed, as a condition of dismissal, to make available in Indonesia any personnel and documents in its possession that are deemed relevant, which makes that evidence available there. Coupling this with the uncontested fact that myriad witnesses and documents are available *only* in Indonesia, it is clear that Indonesia is the only jurisdiction where the relevant parties, witnesses, and evidence can be brought into a single proceeding, making it the only fair and convenient forum to litigate these cases. *See Clerides v. Boeing Co.*, 534 F.3d 623, 629 (7th Cir. 2008) (holding that "the relative ease of access to proof" favored the foreign forum "given Boeing's agreement to produce its documents and witnesses [there] and the location of the majority of other evidence [there]"); *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1146 (9th Cir. 2001) (finding the private interest factors weighed in favor of dismissal when "[t]he documents and witnesses in the United States are all under the control of Plaintiffs

---

[2] The Court can draw its own conclusions about Mr. Budidjaja's opinions under Federal Rule of Civil Procedure 44.1 based on the evidence and cases already available to it, without deposition testimony. *See Kingstown Cap. Mgmt., L.P.*, 2022 WL 3970920, at *2 (holding that the district court appropriately "based its interpretation of foreign law on the parties' submissions and on precedent from American courts interpreting [the foreign jurisdiction's] law" under Rule 44.1).

and Defendants, so they can be brought to court, no matter the forum"). No discovery can change these conclusions.

The Kastenbaum plaintiffs try to distract by suggesting that discovery is necessary because Boeing participated in some aspects of the Indonesian accident investigation and thus has possession of some materials collected during the investigation. But Boeing frequently participates in accident investigations as a technical adviser, and its having done so here does not preclude dismissal: "suits involving foreign aviation accidents where Boeing and other U.S. officials participated in the accident investigations have been regularly dismissed" under the doctrine of *forum non conveniens*. *Van Schijndel v. Boeing Co.*, 434 F. Supp. 2d 766, 777 (C.D. Cal. 2006), *aff'd sub nom. Schijndel v. Boeing Co.*, 263 F. App'x 555 (9th Cir. 2008).[3] That is because Boeing does not receive a complete set of documents and information during a foreign accident investigation, and because in all of these cases, participation in the investigation does not provide the U.S. manufacturer with the *testimony* from the non-U.S. witnesses and investigators crucial to defending itself in the U.S. Here, Boeing indisputably has no ability to compel the testimony of the airline's personnel and the Indonesian investigators. Boeing has also provided evidence that it lacks a complete copy of the Indonesian accident investigators' files, not to mention key documents from the airline and other evidence. *See* Declaration of Robert McIntosh In Support of The Boeing Company's Motion to Dismiss for *Forum Non Conveniens*, Dkt. No. 15 at 5–9.

The Kastenbaum plaintiffs also try to justify discovery by narrowly framing their cases as "products liability actions alleging design and manufacturing defects in the subject aircraft." Opp'n

---

[3] Many other cases have also noted Boeing's participation in a foreign accident investigation and dismissed the action for *forum non conveniens*. *See Clerides*, 534 F.3d at 626; *Cheng v. Boeing Co.*, 708 F.2d 1406, 1408 (9th Cir. 1983); *Makassar Strait*, 2011 WL 91037, at *1; *In re Air Crash Over Taiwan Straits on May 25, 2002*, 331 F. Supp. 2d 1176, 1195 (C.D. Cal. 2004); *Chhawchharia v. Boeing Co.*, 657 F. Supp. 1157, 1159 (S.D.N.Y. 1987).

at 5. That artificially narrow characterization ignores Boeing's defense, which is substantiated by the allegations in the plaintiffs' own complaints, *see* Dkt. No. 12 at 5–9, that actions of Sriwijaya Air and/or its pilots contributed to or caused the accident. It also ignores evidence related to damages, which is located mostly, if not entirely, in Indonesia. But the Court must take those considerations into account because the *forum non conveniens* analysis necessarily includes the location of evidence related to the parties' claims *and* their defenses. *See, e.g.*, *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1332 (11th Cir. 2011) ("Our analysis must contemplate more than the family members' theories of liability; we must also consider the manufacturers' theories."); *Clerides*, 534 F.3d at 629; *In re Air Crash Near Athens, Greece on Aug. 14, 2005*, 479 F. Supp. 2d 792, 799 (N.D. Ill. 2007) (finding the location of "sources of proof" on "both plaintiffs' product liability claim against defendant, and for defendant's defense that [the airline] was responsible for the crash," relevant to the *forum non conveniens* analysis). And when viewed through this proper lens, it is clear that Indonesia is the only forum where all of the relevant evidence is located or can be made available. No additional discovery is necessary to confirm these facts.

Second, the Kastenbaum plaintiffs' proposed *forum non conveniens* discovery is nowhere close to "targeted." Opp'n at 3. The Kastenbaum plaintiffs have served 25 interrogatories and 30 requests for production on Boeing, and they also intend to seek depositions. *See* Declaration of Mack H. Shultz in Support of Boeing's Rebuttal Brief ("Shultz Decl."), Exs. E–F. These discovery requests seek the production of a vast number of documents and other information regarding the merits of their claims, *e.g.*, Shultz Decl., Ex. F, Request No. 12 (seeking production of all documents concerning the investigation of this crash), and not the *location* of the evidence, which is the only topic properly within the scope of *forum non conveniens* discovery. *See, e.g.*, *Fitzgerald v. Texaco, Inc.*, 521 F.2d 448, 451 n.3 (2d Cir. 1975) ("[A] motion to dismiss for forum non

conveniens does not call for a detailed development of the entire case; rather discovery is limited to the *location* of important sources of proof." (emphasis added)). The Court does not need to defer its ruling on Boeing's motion to allow for burdensome discovery that is both unnecessary and far outside the scope of permissibility at this stage.

<u>Third</u>, Boeing has repeatedly asked all of the plaintiffs to jointly propose the specific *forum non conveniens* discovery they are requesting. *See* Shultz Decl., Exs. B, C, G. They have not done so. *Id.* ¶¶ 2, 6–12. The Court should not allow the plaintiffs' inability to coordinate discovery efforts—contrary to their promises at the initial status conference—to delay the resolution of Boeing's *forum non conveniens* motion here, where the location of key evidence in this case and the relative ease of access to it cannot be seriously disputed and discovery will not change those underlying and dispositive facts.

**B.     The Court has discretion to resolve the *forum non conveniens* motion before it resolves the plaintiffs' various remand motions.**

As Boeing observed in its motion to dismiss, *Sinochem International Co. v. Malaysia International Shipping Corp.* gives the Court discretion to resolve Boeing's motion to dismiss for *forum non conveniens* before it resolves the plaintiffs' various motions for remand. *See* 549 U.S. 422 (2007). *Sinochem* holds that "where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course." *Id.* at 436; *see also Hensley v. City of Charlotte*, No. 21-2308, 2023 WL 1990298, at *2 n.* (4th Cir. Feb. 14, 2023) (under *Sinochem*, a "district court does have 'leeway' to dismiss a case on certain 'threshold' nonmerits grounds without first determining subject matter jurisdiction"). Boeing continues to believe that it would be far more

efficient for the Court to resolve a single *forum non conveniens* motion before it resolves the various motions to remand.[4]

The Kastenbaum plaintiffs argue that *Sinochem* is "inapposite" because (they claim) this litigation is not a "textbook case for immediate *forum non conveniens* dismissal." Opp'n at 4 (citation omitted). But it is hard to think of a fact pattern more textbook (and more like *Piper*) than this one. The plaintiffs' claims arise out of the crash of a domestic Indonesian flight, in Indonesia, involving an Indonesian carrier and Indonesian decedents, which was investigated by Indonesian authorities. *Piper* and the dozens of federal cases applying *Piper* make clear that *forum non conveniens* dismissal is proper in these circumstances. *See* Dkt. No. 12 at 12–14 & n.4. Regardless, the *Sinochem* rule is not as limited as plaintiffs suggest. In a recent case involving the same lawyers that represent the Kastenbaum plaintiffs, the District Court for the District of Columbia dismissed claims against Boeing for *forum non conveniens* before addressing issues of subject matter jurisdiction. *In re Air Crash Over S. Indian Ocean*, 352 F. Supp. 3d 19, 35 (D.D.C. 2018), *aff'd sub nom. In re Air Crash over the S. Indian Ocean on Mar. 8, 2014*, 946 F.3d 607 (D.C. Cir. 2020).[5]

---

[4] Although the Court indicated at the June 14 hearing that the hearing dates for the motions to remand and the motion to dismiss for *forum non conveniens* might be sequenced, it retains discretion to rule on the *forum non conveniens* motion first. Ruling on *forum non conveniens* would serve judicial economy because the plaintiffs' various remand motions raise diverse and often conflicting factual and legal issues, whereas Boeing's *forum non conveniens* motion entails a straightforward application of *Piper* and other cases granting *forum non conveniens* dismissal in just these circumstances.

[5] Other courts have also followed *Sinochem* in dismissing cases for *forum non conveniens* prior to resolving challenges to subject matter jurisdiction. *See MBI Group, Inc. v. Credit Foncier du Cameroun*, 558 F. Supp. 2d 21 (D.D.C. 2008) (dismissing case in favor of Cameroon and declining to reach questions of personal and subject matter jurisdiction); *Israel Discount Bank Ltd. v. Schapp*, 505 F. Supp. 2d 651 (C.D. Cal. 2007) (dismissing case in favor of Israel rather than first resolving challenge to subject matter jurisdiction under the Foreign Sovereign Immunities Act); *see also* 14D Fed. Prac. & Proc. Juris. § 3828 (4th ed.), n.49 (collecting cases). Courts have also followed *Sinochem* in dismissing cases for reasons other than *forum non conveniens* prior to resolving subject matter jurisdiction challenges. *See, e.g.*, *Public Citizen v. U.S. Dist. Court for the Dist. of Columbia*, 486 F.3d 1342 (D.C. Cir. 2007) (affirming dismissal of case under Fed. R. Civ. Proc. 12(b)(6) prior to resolution of challenge to Article III standing); *Marietta Drapery & Window*

**C. Case law shows that *forum non conveniens* dismissals are especially appropriate for foreign aviation accidents, even when the manufacturer is a United States citizen.**

Finally, the Kastenbaum plaintiffs argue that the case law weighs in their favor because (1) some courts in other contexts have held that *forum non conveniens* dismissals should be "employed sparingly," (2) they have sued Boeing in its home forum, and (3) their claims focus on design and manufacturing issues, and Boeing's witnesses and documents are in the United States. Opp'n at 5 (citation omitted).

There are two primary problems with this argument. First, it ignores the well-established body of *forum non conveniens* dismissals in cases involving foreign aviation accidents and U.S. manufacturers. *See* Dkt. No. 12 at 12–14 & n.4 (collecting cases). For example, in *Piper*, the plaintiff sued two American aerospace manufacturers in the United States following an airplane accident in Scotland. *See* 454 U.S. at 239–40. Even though the plaintiff raised design and manufacturing claims, and even though the litigation was proceeding in the defendants' home country and in one of their home states, the Supreme Court still deemed *forum non conveniens* dismissal appropriate. *Id.* at 260–61.

Second, the Kastenbaum plaintiffs wrongly focus solely on where party-controlled witnesses and documents are located, rather than on which forum has greater access to parties, witnesses, and evidence. The *forum non conveniens* inquiry asks whether the parties can more conveniently litigate the dispute in the foreign forum. Indonesia is the only forum where all entities potentially responsible for the accident could be brought into court. It is also the only forum where evidence can be gathered from non-party Indonesian witnesses. And, as stated above, Boeing has

---

*Coverings Co., Inc. v. North River Ins. Co.*, 486 F. Supp. 2d 1366, 1368 n.2 (N.D. Ga. 2007) (dismissing case under "first-filed" rule, noting that "a district court may dispose of an action [] based upon any number of non-merits grounds, and bypass questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant").

already agreed to make available, in Indonesia, any personnel and documents that are deemed relevant. Accordingly, the location of Boeing's witnesses and documents should be given little if any weight in the convenience analysis. *See Clerides*, 534 F.3d at 629 (holding that "the relative ease of access to proof" favored the foreign forum "given Boeing's agreement to produce its documents and witnesses [there] and the location of the majority of other evidence [there]"); *see also Lueck*, 236 F.3d at 1146 (finding the private interest factors weighed in favor of dismissal when "[t]he documents and witnesses in the United States are all under the control of Plaintiffs and Defendants, so they can be brought to court, no matter the forum"); *Makassar Strait*, 2011 WL 91037, at *6 (finding plaintiffs' arguments to carry "little weight in light of the fact that Defendants, as a condition of dismissal, have agreed to make available all evidence in their possession deemed relevant by the Indonesian forum").

## CONCLUSION

For these reasons, Boeing respectfully requests that this Court (1) dismiss plaintiffs' complaint in favor of refiling in the courts of Indonesia and (2) deny the Kastenbaum plaintiffs' request for *forum non conveniens* discovery.

Dated: July 17, 2023

By: */s/ Benjamin L. Hatch*
Benjamin L. Hatch, VA Bar No. 70116
BHatch@mcguirewoods.com
McGuireWoods LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, VA 23510-1655
Telephone:   +1.757.640.3700
Facsimile:   +1.757.640.3947

Mack H. Shultz (admitted *pro hac vice*)
MShultz@perkinscoie.com
Perkins Coie LLP
1201 3rd Avenue, Ste 4900
Seattle, WA 98101
Telephone:   +1.206.359.8000
Facsimile:   +1.206.359.9000

-12-

*Attorneys for Defendant The Boeing Company*

## CERTIFICATE OF SERVICE

I, Benjamin L. Hatch, hereby certify that on July 17, 2023, I filed the foregoing ***REPLY BRIEF IN SUPPORT OF THE BOEING COMPANY'S MOTION TO DISMISS FOR FORUM NON CONVENIENS*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

> */s/ Benjamin L. Hatch*
> Benjamin L. Hatch, VA Bar No. 70116
> BHatch@mcguirewoods.com
> McGuireWoods LLP
> World Trade Center
> 101 West Main Street, Suite 9000
> Norfolk, VA 23510-1655
> Telephone:   +1.757.640.3700
> Facsimile:   +1.757.640.3947