```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA

                     Alexandria Division
```

| | |
|---|---|
| IN RE:<br><br>AIR CRASH INTO THE JAVA SEA<br>ON JANUARY 9, 2021 | MDL No. 1:23MD3072 |
| | INTERROGATORIES and REQUESTS FOR PRODUCTION TO BOEING |

**TO:** Boeing, Defendant

**AND TO:** Mr. Mack Shultz, Counsel of Record

Plaintiffs, by and through undersigned counsel, propound the following interrogatories upon Defendant THE BOEING COMPANY("Boeing"), and request that they be answered separately, fully and under oath within thirty (30) days of service pursuant to Federal Rules of Civil Procedure 26 and 33.

### INSTRUCTIONS AND DEFINITIONS

A. The words "you," "yours," and/or "yourselves" means Boeing and any directors, officers, employees, agents, representatives, or other person acting, or purporting to act, on behalf of Boeing.

B. The words "Subject Aircraft" shall mean the Boeing 737-500 aircraft, bearing airframe serial number 27323.

C. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" shall mean "including without limitation."

1

D. The word "document" shall mean the original and each non-identical copy, whether non-identical because of alteration, attachments, blanks, comments, notes, underlining or otherwise, or any written record, graphic material, or other tangible evidence or thing, however described or titled, in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues is in this action or which are themselves listed below as specific documents, including but not limited to any correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilm, video tapes, tape recordings, film, reports, police or accident reports, affidavits, personal and/or handwritten notes, photos, photocopies, telegrams, telexes, or transcripts. "Document" shall also include electronically generated and stored data files, computer files, emails, archived voice mail, data storage devices such as floppy discs, hard discs, tapes, backup tapes and optical discs, including but not limited to computer readable media, machine sensible, electronic or any other similar forms of information. The term "document" is further intended to include any computer records reflecting earlier drafts, revisions, addenda, amendments and the like with regard to any responsive document.

E. "Person" shall mean any individual, corporation, proprietorship, partnership, trust, or association.

F. The words "pertain to" or "pertaining to" shall mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

2

G. The term "action" shall mean the case entitled IN RE: AIR CRASH INTO THE JAVA SEA ON JANUARY 9, 2021, MDL No. 3072, in the United States District Court for the Eastern District of Virginia, Alexandria Division.

H. The word "identify," when used in reference to a person, as defined herein, means and includes: (1) the name of any person who claims to have or whom you believe may have knowledge, information, or documents, pertaining the respective subject or subjects; (2) for any person named, the name address, telephone number, employer, division, and job title at the time the person participated in or acquired knowledge of the respective subject or subjects; and (3) for any person named, the current employer, address, and telephone number if now different than that listed above in (2).

I. The word "identify," when used in reference to a document, as defined herein, means and includes: (1) the approximate total number of documents pertaining to the respective subject or subjects; (2) the principal location or locations of such documents; (3) the languages in which the documents are recorded; and (4) as to each language in which the documents are recorded, the approximate number of documents in that language, and the principal location or locations of such documents.

J. If you object to fully identifying any of the information requested herein because of a privilege, you must nevertheless identify the document by stating the following: (i) the author of the document; (ii) the individual(s) who received the original and/or copy of the document; (iii) the date of the document; (iv) the current location of the document; and (v) the general subject matter of the document.

K. Please state in your respective answer whether any or all of the names, documents, or information requested is aggregated in a computerized or electronic database and, if so, where the

3

database is located and maintained and whether such database is searchable.

## INTERROGATORIES

1. What is the name and address of the person answering all these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2. Identify the location(s) of all individuals involved in the certification, design, or manufacture of the auto-throttle.

3. Identify and state the location of all those documents you consulted, reviewed or referred to in any way in answering these interrogatories and the name, position, and business address of all persons who supervised the search for, collection, and production of all documents requested by plaintiffs in this litigation.

4. Identify by name, address and employer of those persons with knowledge of any fact and evidence that you intend to prove in support of your defenses where those facts and evidence are alleged located in Indonesia.

5. Which of those persons identified in answer to no. 4 above will voluntarily testify in this action in the U.S., either in person or through an evidence deposition?

6. For those persons identified in answer to no. 5 above, state your estimate of the cost of obtaining the testimony of such person.

7. Which of those persons identified in answer to no. 4 above will not voluntarily testify in this action in the U.S.?

8. State the actions you have taken to date to obtain from Indonesia any of the documents set forth in no. 3 above.

9. Did Boeing, either through its Board or an authorized officer, approve of Boeing's name appearing in releases which Sriwijaya families were asked to execute after the Sriwijaya crash that is subject of the litigation?

## REQUESTS FOR PRODUCTION

Plaintiffs, pursuant to Federal Rule of Civil Procedure 34, serve the following Forum non conveniens Request for Production to Defendant, The Boeing Company. Plaintiffs request that the Defendants serve their responses and produce responsive documents to Plaintiffs' counsel within 30 days of service.

1. All those documents you consulted, reviewed or referred to in any way in answering plaintiffs' forum non conveniens interrogatories.
2. All those documents which contain any facts which support your defenses to plaintiffs' claims which originally were

5

  located outside the United States and which you now have in your possession or control.

3. All documents concerning the design, engineering, manufacture, inspection, certification, testing, quality control and sale of your products in issue in this action which are located in Indonesia and which are not in your possession or control.
4. All documents concerning the investigation of this crash.
5. All documents concerning your participation to any extent in the investigation of this crash.
6. The Cockpit Voice Recorder (CVR) for the accident aircraft for the accident flight.
7. A transcript of the CVR of the accident aircraft for the accident flight.
8. The Flight Data Recorder (FDR) data and any analysis of the FDR data or other flight data of the accident aircraft concerning the accident flight.
9. All maintenance records concerning the accident aircraft.
10. The complete file of your expert witness on the law of Indonesia.
11. All drafts of the affidavit or report of your expert witness on the law of Indonesia.
12. All communications between you and your expert witness on the law of Indonesia.

13. All documents or materials provided by you to your expert witness on the law of Indonesia and all documents or materials received by you from your expert witness on the law of Indonesia.

14. All documents or other materials reviewed, referred to, consulted, or relied upon in any way by your expert witness on the law of Indonesia in connection with his opinions in this matter.

Dated: September 29, 2023

Respectfully submitted,
By: */s/ Mohammad Hamoudi*
By Counsel
Pro Hac Vice
Charles Herrmann (WA Bar No. 6173)
Anthony Marsh (WA Bar No. 45194)
Mohammad Hamoudi (WA Bar No. 48512, CA Bar No. 273104)
HERRMANN LAW GROUP
505 5th Avenue South, Suite 330
Seattle, WA 98104
(206) 625-9104


By: */s/ Thomas Patrick Routh*
By Counsel
Thomas Patrick Routh
Nolan Law Group
20 N Clark St 30th Floor
Chicago, Illinois 60602-5094
(312) 630-4000


By: */s/ Floyd Wisner*
By Counsel
Floyd A. Wisner
Alexandra Wisner
Wisner Law Firm
161 N. Clark Street Suite 1600
Chicago, Illinois 60601
(312) 216-5168

By: */s/ Sanjiv N. Singh*
By Counsel
Sanjiv N. Singh
Sanjiv N. Singh, A Professional Law Corporation
1700 S. El Camino Real Suite 503
San Mateo, CA 94402
(650) 389-2255
pro hac vice

By: */s/ Michael B. Indrajana*
By Counsel
Michael B. Indrajana
Indrajana Law Group, A Professional Law Corporation
1700 S. El Camino Real Suite 503
San Mateo, CA 94402
(650) 597-0928
pro hac vice