IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE AIR CRASH INTO THE JAVA SEA ON JANUARY 9, 2021 | Lead Case No.:<br>1:23-md-3072-CMH-WEF<br><br>Member Case Nos.:<br>1:23-cv-00475<br>1:23-cv-00482<br>1:23-cv-00483<br>1:23-cv-00555 |
| This document relates to the following cases:<br><br>DEWI WAHYUNI, individually; as Personal Representative of the Estate of YOHANES, and as next of friend of his minor child D.M.A.,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, a Delaware corporation,<br><br>Defendant | |
| HALIMAH ARIFNI, individually; as Personal Representative of the Estate of ASY HABUL YAMIN, and as next of friend of his minor children N.I.M., H.D.H., T.R.Y., and M.A.S.,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, a Delaware corporation,<br><br>Defendant. | |
| MASRIZAL, individually and as personal representative of the estate of FAISAL RAHMAN,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, a corporation,<br><br>Defendant. | |

1

| |
|---|
| NELI HANDAYANI, individually; as Personal Representative of the Estate of PIPIT PIYONO; and as next friend of his minor child A.M.T., <br><br> Plaintiff, <br><br> v. <br><br> THE BOEING COMPANY, a Delaware corporation, <br><br> Defendant. |

## JOINT MOTION FOR APPROVAL OF SETTLEMENTS AND TO DISMISS

COMES NOW Plaintiffs Dewi Wahyuni, Halimah Arifni, Masrizal, and Neli Handayani (the "Plaintiffs") and Defendant The Boeing Company ("Boeing"), by and through their attorneys of record signing below (collectively "the Parties"), and moves this Court pursuant to 46 U.S.C. § 30302 and Northern District of Illinois Local Rule 17.1 to approve Plaintiffs' settlements with Defendant, The Boeing Company, of the claims relating to the deaths of decedents Yohanes, Asy Habul Yamin, Faisal Rahman, and Pipit Piyono and to dismiss Plaintiffs' claims with prejudice and without costs against defendant. The Parties agree to waive hearing on this motion. In support of this motion, the Parties state as follows:

## FACTS

Decedents Yohanes, Asy Habul Yamin, Faisal Rahman, and Pipit Piyono were passengers on board a certain Boeing 737-500 Aircraft, registration PK-CLC ("the accident aircraft") being operated by Sriwijaya Air as Flight SJ182 from Jakarta to Pontianak, Indonesia, on January 9, 2021 (the "accident flight"). *See Wahyuni v. The Boeing Company*, Case No. 1:23-cv-00475 (E.D. Va.) at Dkt 1-1 at ¶ 3; *Arifni v. The Boeing Company*, Case No. 1:23-cv-00482 (E.D. Va.) ("*Arifni*") at Dkt 1-1 at ¶ 3; *Masrizal v. The Boeing Company*, Case No. 1:23-cv-00483 (E.D. Va.) ("*Masrizal*") at Dkt 1-1 at ¶ 3; and *Handayani v. The Boeing Company*, Case No. 1:23-cv-00555 (E. D. Va.) ("*Handayani*") at Dkt. No. 1-1 at ¶ 3

This Plaintiffs in these actions assert wrongful death and survival claims arising from the deaths of the decedents following the accident aircraft's crash into the Java Sea on January 9, 2021 during the accident flight (the "accident"). *See e.g.*, *Handayani*[1] Dkt No. 1-1 at ¶¶ 17-23.

## PLAINTIFFS' ALLEGATIONS

Plaintiffs filed complaints against Boeing based on products liability and negligence. *See e.g., Handayani* at Dkt. 1-1 at ¶¶ 26-39. Plaintiffs allege that Boeing designed, manufactured, assembled and sold the accident aircraft and prepared and provided an Aircraft Flight Manual (AFM) for the accident aircraft. *Id.* at 17-22.

Plaintiffs allege that the accident aircraft was defective in that, among other defects, there were known defects and/or issues with Boeing's Auto Throttle (A/T) and Auto Pilot (A/P) systems on the accident aircraft, which were subject to failure and caused dangerous conditions that ultimately led to the accident. *Handayani* at Dkt. 1-1 *at* ¶ 24. Plaintiffs further alleges Boeing's AFM did not warn of this danger or provide proper instruction as to responding to such an event. *Id.*

Plaintiffs allege that as the direct and proximate result of the defective and unreasonably dangerous condition of Boeing's accident aircraft and AFM and Boeing's negligent acts and omissions, the accident aircraft crashed into the Java Sea, causing decedents and all others onboard to expire. *Id.* at ¶¶ 26-39.

Plaintiffs allege that, as a result of the accident, decedents' heirs and next of kin suffered loss of support, loss of net accumulations, loss of household services, loss of care, comfort, companionship, guidance, and society and mental anguish, sorrow and grief as the result of the death of the decedents. *Handayani* at Dkt. 1-1 at ¶¶ 32 and 39.

## PLAINTIFFS' CLAIMED DAMAGES

Decedents Yohanes, Asy Habul Yamin, Faisal Rahman, and Pipit Piyono all perished in the accident. *Handayani* at Dkt. 1-1 at ¶ 3; *Arifni* at Dkt. No. 1-1 at ¶ 3; *Wahyuni* at Dkt. No 1-1-1 at ¶ 3; and *Masrizal* at Dkt. No. 1-1 at ¶ 3. Plaintiffs made the following allegations regarding decedents' damages:

---

[1] For sake of brevity, this Motion cites to *Handayani* for general allegations involving the crash because the same set of facts alleged in *Handayani* is alleged in *Arifni, Wahyuni,* and *Masrizal* respectively.

Decedent Yohanes was a 33-year-old Indonesian Muslim at the time of his death. Yohanes Decl. at ¶ 4. Plaintiffs allege that, at the time of his death, Decedent Yohanes was on his way to start his job as a construction worker in West Kalimantan, Indonesia. *Id.* Decedent Yohanes is survived by his wife Dewi Wahyuni, his minor son D.M.A., his father Sukari, and his mother Supiyati. *Id.* at ¶ 5.

Decedent Asy Habul Yamin was a 36-year-old Indonesian Muslim at the time of his death. Yamin Decl. at ¶ 4. Plaintiffs allege that, at the time of his death, he was the co-owner and chief executive officer of his family's retail and wholesale clothing business located in West Kalimantan, Indonesia. *Id.* Decedent Yamin is survived by his wife Halimah Arifni, his minor daughters N.I.M., H.D.H., T.R.Y., his minor son M.A.S., his father Masrizal, and his mother Maryati. *Id.* at ¶ 5.

Decedent Faisal Rahman was a 30-year-old Indonesian Muslim at the time of his death. Rahman Decl. at ¶ 4. Plaintiffs allege that, at the time of his death, he was the co-owner and officer of his family's retail and wholesale clothing business located in West Kalimantan, Indonesia, as well as a social media artist. *Id.* Decedent Rahman is survived by his father Masrizal, and his mother Maryati. *Id.* at ¶ 5.

Decedent Pipit Piyono was a 23-year-old Indonesian Muslim at the time of his death. Piyono Decl. at ¶ 4. Plaintiffs allege that, at the time of his death, Decedent Piyono was on his way to start his job as a construction worker in West Kalimantan, Indonesia. *Id.* Decedent Piyono is survived by his wife Neli Handayani, his minor son A.M.T., his father Mujar, and his mother Sumini. *Id.* at ¶ 5.

## BOEING'S DEFENSES

Defendant Boeing denies that the accident aircraft was defective and further denies that any act or omission by it proximately caused this crash. *See e.g.*, *Wahyuni v. The Boeing Company*, Case No. 1:23-cv-00475-CMH-WEF (E.D. Va.), Dkt. No. 27 (Boeing's Answer to Plaintiffs' Complaint).

## SETTLEMENT AGREEMENT

Counsel for Plaintiffs and counsel for Boeing engaged in a full-day mediation on July 12, 2024, before the retired Eastern District of Virginia Judge Gerald Bruce Lee, and reached an agreement to settle the claims of the Plaintiffs set forth above against Boeing. *See* Piyono Decl. at ¶ 6; Yohanes Decl. at ¶ 6; Yamin Decl. at ¶ 6, and Rahman Decl. at ¶ 6 (collectively, the "Declarations").

The details of the settlements are provided in the following declarations (the "Declarations"):[2]

- Declaration of Sanjiv N. Singh ISO Joint Motion for Approval of Settlements and to Dismiss for Decedent Yohanes (the "Yohanes Decl.");
- Declaration of Sanjiv N. Singh ISO Joint Motion for Approval of Settlements and to Dismiss for Decedent Asy Habul Yamin (the "Yamin Decl.");
- Declaration of Sanjiv N. Singh ISO Joint Motion for Approval of Settlements and to Dismiss for Decedent Faisal Rahman (the "Rahman Decl.").
- Declaration of Sanjiv N. Singh ISO Joint Motion for Approval of Settlements and to Dismiss for Decedent Pipit Piyono (the "Piyono Decl.");

As a condition of the settlement, Plaintiffs have agreed to keep the amount of the settlement confidential. *See* Declarations at ¶ 7. To protect the parties' confidentiality interests in the settlement, Plaintiffs' interests in avoiding harassment in Indonesia, and in the interests of the minor Plaintiffs, the Parties are, pursuant to Local Civil Rule 5(C), filing the Declarations with redactions and are contemporaneously filing a Joint Motion to file the unredacted Declarations under Seal.

In negotiating the settlements, Plaintiffs' counsel considered the strength of Plaintiffs' action against Boeing and Boeing's defenses. Plaintiffs' counsel, who have extensive experience litigating against Boeing and previously settled cases related to the 2018 Lion Air Flight JT-610 crash involving the Boeing 737-MAX, believes the settlement amount is fair and reasonable. *See* Declarations at ¶ 8.

The mediator Judge Lee has a great deal of experience as a judge in wrongful death matters and this mediator also believes this is a reasonable settlement. *See* Declarations at ¶ 9.

Plaintiffs' counsel has fully explained all the above facts to the Plaintiffs and the other heirs of Decedents, and Plaintiffs and Decedents' heirs agree that the settlement amount is fair and reasonable, and Plaintiffs seek the Court's approval of their settlements. *See* Declarations at ¶ 10.

## **CONCLUSION**

WHEREFORE, the parties pray that this Court enter an Order:

a. approving the settlements of the claims against Defendant The Boeing Company and the

---

[2] These Declarations were drafted and executed by Plaintiffs' counsel and Boeing takes no position with respect to the matters discussed in the Declarations.

      allocation and payment of settlement funds to the minor beneficiaries, as set forth in the Declarations of Plaintiffs Handayani, Wahyuni, Arifini, and Masrizal;

b. dismissing these actions with prejudice and without costs against defendant and retaining jurisdiction to effectuate settlement.

Dated: October 22, 2024                                                              Respectfully Submitted,

By: */s/ Sanjiv N. Singh*
Sanjiv N. Singh (admitted *pro hac vice*)
SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION
1700 S. El Camino Real, Suite 503
San Mateo, CA 94402
(650) 389-2255
ssingh@sanjivnsingh.com

By: */s/ Michael B. Indrajana*
Michael B. Indrajana (admitted *pro hac vice*)
INDRAJANA LAW GROUP,
A PROFESSIONAL LAW CORPORATION
1700 S. El Camino Real, Suite 503
San Mateo, CA 94402
(650) 597-0928
michael@indrajana.com

By: */s/ Vincent Mancini*
Vincent Mancini (admitted *pro hac vice*)
REIMER DOBROVOLNY & LABARDI P.C.
15 Spinning Wheel Road, Suite 310
Hinsdale, IL 60521
(630) 654-9457
vmancini@rdlaborlawpc.com

*Attorneys for Plaintiffs NELI HANDAYANI, DEWI WAHYUNI, HALIMAH ARIFNI, and MASRIZAL*

By: */s/ Benjamin L. Hatch*
Benjamin L. Hatch, VA Bar No. 70116
McGuireWoods LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, VA 23510-1655
Telephone: +1.757.640.3700
BHatch@mcguirewoods.com

By: */s/ Mack H. Shultz*
Mack H. Shultz (admitted *pro hac vice*)
Perkins Coie LLP
1201 Third Ave., Suite 4900
Seattle, WA 98101
T: (206) 359-8000
mshultz@PerkinsCoie.com

*Attorneys for Defendant The Boeing Company*

6

## CERTIFICATE OF SERVICE

I, Benjamin L. Hatch, hereby certify that on October 22, 2024, I filed the foregoing ***JOINT MOTION FOR APPROVAL OF SETTLEMENTS AND TO DISMISS*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

*/s/ Benjamin L. Hatch*
Benjamin L. Hatch, VA Bar No. 70116
BHatch@mcguirewoods.com
McGuireWoods LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, VA 23510-1655
Telephone:   +1.757.640.3700
Facsimile:   +1.757.640.3947