**IN UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| IN RE AIR CRASH INTO THE JAVA SEA ON JANUARY 9, 2021 | |
| This document relates to the following cases: | Lead Case No.: 1:23-md-3072-CMH-WEF |
| DEWI WAHYUNI, individually; as Personal Representative of the Estate of YOHANES, and as next of friend of his minor child D.M.A., | Member Case Nos.: 1:23-cv-00475 1:23-cv-00482 1:23-cv-00483 1:23-cv-00555 |
| Plaintiff, | |
| v. | |
| THE BOEING COMPANY, a Delaware corporation, | |
| Defendant | |
| HALIMAH ARIFNI, individually; as Personal Representative of the Estate of ASY HABUL YAMIN, and as next of friend of his minor children N.I.M., H.D.H., T.R.Y., and M.A.S., | |
| Plaintiff, | |
| v. | |
| THE BOEING COMPANY, a Delaware corporation, | |
| Defendant. | |
| MASRIZAL, individually and as personal representative of the estate of FAISAL RAHMAN, | |
| Plaintiff, | |
| v. | |
| THE BOEING COMPANY, a corporation, | |
| Defendant. | |

1

NELI HANDAYANI, individually; as Personal
Representative of the Estate of PIPIT PIYONO;
and as next friend of his minor child A.M.T.,

Plaintiff,

      v.

THE BOEING COMPANY, a Delaware
corporation,

Defendant.

### DECLARATION OF SANJIV N. SINGH IN SUPPORT OF THE JOINT MOTION FOR APPROVAL OF SETTLEMENTS AND TO DISMISS FOR DECEDENT ASY HABUL YAMIN

I, SANJIV N. SINGH, do hereby DECLARE as follows:

### BACKGROUND

1. I am lead counsel of record for the above captioned plaintiffs. I am licensed to practice in the State of California and have been admitted *pro hac vice* in this case.

2. This declaration is made in support of the Joint Motion for Dismissal of Plaintiffs' Claims with Prejudice and Approval of Minor Settlements.

3. I have had extensive experience in representing members of families surviving victims of fatal accidents and catastrophic personal injury, including numerous minors. I believe the settlement amounts listed below are fair and reasonable for all plaintiffs in this family including the minors. Specifically, I have extensive experience litigating claims of Indonesian air crash victims against Boeing, having represented and settled claims for 16 families as lead counsel in the Boeing 737-MAX Lion Air Flight JT 610 crash. *See In Re Lion Air Flight JT610 Crash*, 1:18-cv-07686 (N.D. Ill. 2018).

4. Decedent ASY HABUL YAMIN was 36 years old when he died in this crash. At the time of his death, Decedent YAMIN was a Muslim, a citizen of Republic of Indonesia, and a resident of Jakarta Selatan, Indonesia. At the time of his death, he was the co-owner and chief executive officer of his family's retail and wholesale clothing business located in West Kalimantan, Indonesia, and was traveling from Jakarta, Indonesia, to Pontianak, West

2

Kalimantan, Indonesia, as a passenger of Sriwijaya Air Flight SJ 182 that crashed into Java Sea, Indonesia, on January 9, 2021.

5. He is survived by the following heirs:

    a.   Wife HALIMAH ARIFNI, age 38 years old; she is a Muslim, a citizen of Republic of Indonesia, and a resident of Jakarta Selatan, Indonesia.

    b.   Biological Minor daughter N.I.M., age 14 years old; she is a Muslim, a citizen of Republic of Indonesia, and a resident of Jakarta Selatan, Indonesia.

    c.   Biological Minor daughter H.D.H, age 11 years old; she is a Muslim, a citizen of Republic of Indonesia, and a resident of Jakarta Selatan, Indonesia.

    d.   Biological Minor daughter T.R.Y., age 9 years old; she is a Muslim, a citizen of Republic of Indonesia, and a resident of Jakarta Selatan, Indonesia.

    e.   Biological Minor son M.A.S., age 7 years old; he is a Muslim, a citizen of Republic of Indonesia, and a resident of Jakarta Selatan, Indonesia.

    f.   Biological Father MASRIZAL, age 71 years old; he is a Muslim, a citizen of Republic of Indonesia and a resident of Sintang, West Kalimantan, Indonesia.

    g.   Biological Mother MARYATI, age 69 years old; she is a Muslim, a citizen of Republic of Indonesia and a resident of Sintang, West Kalimantan, Indonesia.

## MEDIATION PROCESS

6. Counsel for this Plaintiff and counsel for Defendant engaged in an all-day mediation on July 12, 2024, before the retired Eastern District of Virginia Judge Gerald Bruce Lee, and have reached an agreement to settle the claims of the Plaintiffs against Boeing.

7. As a condition of the settlement, Plaintiffs have agreed to keep the amount of the settlement confidential.

8. In negotiating this settlement, I considered the strength of Plaintiffs' action against Boeing and Boeing's defenses. It is my opinion as Plaintiffs' lead trial counsel that the settlement amount is fair and reasonable under all the above-stated considerations.

9. Based on my review of his credentials and his performance at the mediation, it is my opinion as lead trial counsel that Judge Lee has a great deal of experience as a judge in

wrongful death matters and it is my understanding at the conclusion of the mediation that Judge Lee also believes this is a reasonable settlement.

10. My team, specifically Michael B. Indrajana, has fully explained all the above facts to the Sriwijaya Air Flight SJ182 Plaintiffs, and Plaintiffs agree that the settlement amount is fair and reasonable.

## SETTLEMENT

11. This settlement resolves all claims of all Plaintiffs against all potentially liable parties.

12. Settlement for all Plaintiffs is in the gross amount of $[REDACTED]. The settlement funds are to be disbursed as follows:

    a.  HALIMAH ARIFNI (wife) (4/10)        $[REDACTED]

    b.  N.I.M. (Biological minor daughter) (1/10)        $[REDACTED]

    c.  H.D.H (Biological minor daughter) (1/10)        $[REDACTED]

    d.  T.R.Y. (Biological minor daughter) (1/10)        $[REDACTED]

    e.  M.A.S. (Biological minor son) (1/10)        $[REDACTED]

    f.  MASRIZAL (Biological father) (1/10)        $[REDACTED]

    g.  MARYATI (Biological mother) (1/10)        $[REDACTED]

13. Attorneys' Fees are 30% of the total settlement, which is $[REDACTED].

14. Costs for this case are estimated at $7,880.96, which reflects all costs incurred and/or billed in the case thus far. Costs are distributed among the adult beneficiaries, and minor beneficiary does not incur any costs associated with this case.

15. Thus, the net recovery for each beneficiary in this matter is as follows:

    a.  HALIMAH ARIFNI (wife) (4/10)        $[REDACTED]

    b.  N.I.M. (Biological minor daughter) (1/10)        $[REDACTED]

    c.  H.D.H (Biological minor daughter) (1/10)        $[REDACTED]

    d.  T.R.Y. (Biological minor daughter) (1/10)        $[REDACTED]

    e.  M.A.S. (Biological minor son) (1/10)        $[REDACTED]

    f.  MASRIZAL (Biological father) (1/10)        $[REDACTED]

    g.  MARYATI (Biological mother) (1/10)        $[REDACTED]

## MINOR SETTLEMENT

16. This settlement resolves all claims of minors N.I.M., H.D.H., T.R.Y., and M.A.S. against all potentially liable parties.

17. Settlement is NOT for policy limits, which are not at issue.

18. Pursuant to Indonesian Islamic Law, the settlement funds for the Muslim Indonesian minor plaintiff shall be wired to his Muslim Indonesian biological mother, who is the legal guardian and trustee of the minor's funds under Indonesia's Compilation of Islamic Law, and under said law **must** manage the funds exclusively for the needs and the benefits of the minor. *See In Re Lion Air JT610 Crash*, Case No. 1:18-cv-07686 (N.D. Ill.), ECF Dkt. No. 707 (Plaintiff's Motion for Order Amending That Portion of Previous Orders Regarding Minors' Blocked Account), Dkt. No. 707-1 (Legal Memorandum re Settlement Funds for Minor Beneficiaries under Indonesian Islamic Law), and Dkt. No. 710 (Order approving Motion Amending Minors' Blocked Accounts). True and correct copies of the *In Re Lion Air Flight JT610 Crash* Dkt. Nos. 707 (motion), 707-1 (expert opinion), and 710 (order granting the motion) are attached as exhibits to the concurrently filed request for judicial notice as Exhibits A through C.

19. Further, under Indonesian Islamic Law, the parent or legal guardian must convey the funds to the minor when the minor becomes of legal age. *See In Re Lion Air Flight JT610 Crash* at Dkt. No. 707 at ¶ 9.

20. Each of these proposed minor settlements were done with the advice of myself as lead trial counsel and Michael B. Indrajana, noting that we both have experience in litigating Muslim heir entitlements under Indonesian Islamic Law statutory provisions. *See In Re Lion Air Flight JT 610 Crash* at Dkt. 1298 at Section III(C)(3); Dkt. 1298-3 at Exhibit A. True and correct copies of the *In Re Lion Air Flight JT 610 Crash* Dkts. No. 1298 and 1298-3 are attached as exhibits to the concurrently filed request for judicial notice as Exhibits D and E.

21. Mack Shultz, counsel for The Boeing Company, was informed of this and stated Boeing would not be taking a position on this issue. Boeing vis-à-vis Mr. Shultz took the same

position on this issue in the Lion Air civil settlements before the Northern District of Illinois. *See In Re Lion Air Flight JT 610 Crash* at Dkt. No. 707 at ¶ 10.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge or belief based on reliable information.

DATED this 18th day of October 2024, at San Mateo, California.

/s/        *Sanjiv N. Singh*
SANJIV N. SINGH (CA BAR 193525)
*Attorney for Plaintiffs NELI HANDAYANI, DEWI WAHYUNI, HALIMAH ARIFNI, and MASRIZAL*